UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARCUS FOLKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1061 |
| | ) | |
| DONALD EVERHART, JR., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at McLean County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Everhart Jr., the Clerk of Court in McLean County, failed to file or issue a subpoena that Plaintiff had mailed to him regarding a hearing in another court proceeding. Plaintiff alleges that he was unable to secure the appearance of a witness in that case.

Plaintiff alleges that unidentified officials failed to provide him with the incoming mail

log he had requested, that officials had looked through his legal work, and that they failed to respond to a grievance on the matter. Plaintiff alleges that Defendant Spencer, the State's Attorney, "denied my subpoena and trashed it." Plaintiff alleges that jail officials opened his legal mail on one occasion. Plaintiff alleges that officials fail to follow jail rules.

Plaintiff has a First Amendment right of access to the courts, and to state a claim for relief, he must allege how an official's actions hindered an otherwise meritorious claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Plaintiff does not allege how Defendant Everhart Jr.'s alleged failure to file or issue a subpoena prejudiced him in the hearing where he was unable to call a witness. The complaint is less clear as to how Defendant Spencer, in his capacity as prosecutor, had the authority or ability to deny Plaintiff's request for a subpoena. Assuming he had such authority, Defendant Spencer is entitled to absolute immunity for actions taken in his capacity as prosecutor. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017).

Plaintiff also has a First Amendment right to send and receive mail, and to have legal mail opened in his presence. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432-33 (7th Cir. 1996). The failure to provide an incoming mail log does not permit a plausible inference that officials interfered with that right, and no plausible inference arises that Defendants Everhart Jr. and Spencer were responsible for Plaintiff's mail at the jail. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff did not name any jail officials as defendants. The failure to follow jail rules does not create a federally enforceable right. *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 5)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff's unsubstantiated statements that he contacted lawyers is not sufficient. *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motion [5] is DENIED with leave to renew.**

Entered this 11 day of June, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
