UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARCUS FOLKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 25-1061 |
| | ) |
| DONALD EVERHART, JR., SPENCER | ) |
| CHIKAHISA, MCLEAN COUNTY | ) |
| CIRCUIT COURT, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 9). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Everheart, the circuit clerk, issued a subpoena for a witness in his state court criminal case, and, when Plaintiff tried to call for an update, a clerk told

him that there was not a hearing on that date. Plaintiff alleges that the judge in his state court case told him after a ruling regarding a change in venue that he could not appeal at that time, and that members of the Clerk's office told him to contact the court reporter if he wanted a copy of his transcripts. Plaintiff alleges that his public defender withdrew from his case, resulting in a delay of his bench trial. Plaintiff alleges that his public defender did not present motions he wanted to file, and that the judge declined to appoint the public defenders to act as standby counsel.

Plaintiff alleges that McLean County officials have detained him for 23 months without evidence, and that jail officials treat him poorly, refuse to replace clothing that smells like urine, open legal mail outside his presence, and have refused to provide hard copies of documents.

The judge and prosecutors Plaintiff named as defendants are entitled to absolute immunity for all actions taken in those capacities. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Public defenders are not state actors for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff's claims related to his state law criminal case or other reasons for his confinement do not accrue under § 1983 unless and until he successfully challenges the bases for such confinement in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody); *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's allegations that members of the Clerk's office told him that a hearing was not scheduled for a particular date and that he must contact the court reporter to obtain transcripts does not permit a plausible inference that these actions caused the legal detriment required in

First Amendment access-to-the-courts claims. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The allegations related to the conditions of confinement Plaintiff experienced at the McLean County Jail are unrelated to the allegations he presented in this case and therefore require litigation in a separate lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). Plaintiff is currently litigating another case based on his allegations that jail officials refused to provide certain documents. *See Folks v. MCD Facility*, No. 25-1313 (C.D. Ill.).

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Because the Court has already granted Plaintiff an opportunity to amend his complaint, and because any further amendment would be futile, the Court will dismiss this case.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [9] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 13th day of March, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE
